**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**ALAJUAN ROBINSON and**
**REGGIE ROBINSON EL,**

      **Plaintiff,**

**v.**                                        **Civil Action No.: 1:18-CV-151**
                                      **JUDGE KEELEY**

**SGT. PINTEZ, Monongalia County**
**Sheriff's Dept.,** *et al.,*

      **Defendants.**


## REPORT AND RECCOMENDATION

    This matter is before the undersigned pursuant to a Referral Order entered by Senior United States District Judge Irene Keeley on August 8, 2018 (ECF No. 3) and a Motion to Dismiss filed on August 14, 2018 (ECF No. 8). The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss with regard to the specific monetary amount plead and **STRIKE** that portion of the Relief section in the Complaint as it pertains to the West Virginia state constitutional claims; **RECOMMENDS** that the District Court **GRANT** the Motion with regard to the duplicate Fourth Amendment claim in the second cause of action; and **RECOMMENDS** that the District Court **GRANT** the Motion as to the § 1983 claims with regard to Defendants Pintez and Morgan's official capacity claims; and **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss with regard to all other claims. The undersigned based his above recommendation for the foregoing reasons.

# I.       FACTUAL BACKGROUND

## A.    Plaintiffs' Complaint

On August 7, 2018, Plaintiffs Alajuan Robinson and Reggie Robinson EL filed a Complaint in Monongalia County, West Virginia, against Sergeant Pintez, Officer Morgan, and a John Doe tow truck driver from Waterfront Towing, LLC. (ECF No. 1-1). The Complaint was subsequently removed to this Court by Defendants Pintez and Morgan on August 7, 2018. (ECF No. 1). The Complaint detailed an event that allegedly occurred on June 13, 2017, on Greenbag Road in Morgantown, West Virginia. The Complaint details a traffic stop initiated by a police officer, in which law enforcement requested identification and registration verification by the driver. The Complaint also alleged that Plaintiff was removed from the vehicle and handcuffed, while his vehicle was searched. The Complaint also alleged that the vehicle was seized and neither Plaintiff has been provided with information regarding the seizure, an official report, or an itemization of the property that was seized.

In the Complaint, Plaintiffs allege four causes of action, including 1) a violation of 4th and 5th Amendment violations, as well as violations of the West Virginia Constitution for the alleged illegal seizure of the vehicle and alleged illegal seizure of Plaintiff Alajuan Robinson; 2) an alleged violation of the 4th and 5th Amendment, as well as violations of the West Virginia Constitution for the alleged failure of police officers to provide Plaintiffs with paperwork which detail the reasons for the seizure of the property; 3) an alleged violation of the 4th and 5th Amendment, as well as alleged violations of the West Virginia Constitution for the illegal search of the vehicle; and 4) against the tow truck driver for a violation of due process for civil liability for his complicity in the "unlawful seizure of plaintiff's property." In its prayer for relief, Plaintiffs seek "500,000 dollars in compensory damages from each defendant and 500,000.00

from each defendant in punitive damages for associated mental and emotional suffering, loss of esteem, willful, and egregious deprivation of rights." (ECF No. 1-1, at 8-9).

On August 23, 2018, the undersigned sent a *Roseboro Notice* (ECF No. 14) to Plaintiffs, instructing them to file a response to Plaintiffs motion to dismiss within 21 days of receipt of the notice. Id. at 2.

### B. Defendants Pintez and Morgan's Motion to Dismiss

On August 14, 2018, Defendants Pintez and Morgan filed a joint Motion to Dismiss arguing that the Complaint should be dismissed. Defendants argued that the 5th Amendment and West Virginia Constitution claims are duplicate claims under the 4th Amendment, Plaintiffs did not properly bring a Takings Clause claim under the 14th Amendment; there is no substantive due process right under the 5th Amendment because there is "a more viable forum of relief where more direct and specific forms of redress exist"; the Complaint has not properly alleged official capacity suits against Defendants because they have failed to allege a custom or policy that was the "moving force" behind Plaintiffs' injury; and Defendants Pintez and Morgan are immune pursuant to West Virginia Code § 29-12A-5(b).[1]

### C.    Plaintiffs Robinson and Robinson El's Response

On September 6, 2018, Plaintiffs filed a joint *Response to Defendants Motion to Dismiss* (ECF No. 18). Plaintiffs responded by making the following arguments:

> 1) Defendants have failed to sufficiently justify dismissal because the Motion does not contest or rebut the allegations;
>
> 2) The allegations in the Complaint, "if uncontested and proven true, clearly indicate direct evidence of an arbitrary 'immediate seizure' by defendants of Plaintiff's property in violation of DUE PROCESS OF LAW"; and,

---

[1] The Motion to Dismiss did not challenge whether there was a substantive right under the West Virginia Constitution Article III, Section 10 nor the § 1983 individual-capacity claims against Defendants Pintez and Morgan.

3) "[E]ven if defendants had issued 'paperwork' detailing, the incident, with names of all involved, and with the written reasons and legal authorities authorizing immediate seizure. Plaintiffs were not a threat, and were not conducting criminal activity but were treated as criminals without cause."

**C. Defendants Pintez and Morgan Reply**

On September 12, 2018, Defendants filed a Reply arguing that "[t]he response offers no additional facts, no additional law, no rebuttal arguments to the various grounds for dismissal, and no substantive response to the Motion to Dismiss." (ECF No. 21, at 1).

## II.    Legal Standard

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, although a complaint need not assert "detailed factual allegations," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.   ANALYSIS

#### a.  Duplicate Claims

Defendants Pintez and Morgan argue that the "[e]ach of the claims, for the most part, make the same allegations under the same legal doctrines." (ECF No. 9, at 4). Defendants argue that "Plaintiffs have simply alleged violations of the 4th and 5th Amendments and the West Virginia Constitution for the same alleged acts in each count without a change in facts or the basis for the claims." Id.

Defendants cite Young v. Wells Fargo, 717 F.3d 224 (1st Cir. 2013); Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007); and Farran v. Town of Nassau, 11 F.3d 21, 23 (2d Cir. 1993), as justification for their Motion. Defendants Pintez and Morgan argue that this case is similar to Young, in which the First Circuit Court of Appeals dismissed the second count in the Complaint due to the fact that that count merely duplicates the first breach of contract claim. Id. at 236.

While four causes of action are plead against all the defendants, the undersigned has interpreted the causes of action against Defendants Pintez and Morgan, to be as follows:

1.      A 42 U.S.C. § 1983 claim against Defendants Morgan and Pintez for illegally and continuously seizing the vehicle without providing notice of how to retrieve it;
2.      A 42 U.S.C. § 1983 claim against Defendants Morgan and Pintez for illegally seizing Plaintiff Robinson;
3.      A 42 U.S.C. § 1983 claim against Defendants Morgan and Pintez for illegally searching the vehicle;[2]

---

[2] The claims against Defendants Morgan and Pintez for the alleged violation of 42 U.S.C. § 1983 made against Defendants Morgan and Pintez in both their individual capacity was not challenged in the Motion to Dismiss.

The undersigned has interpreted the causes of action based on the case law and terminology—"color of law"— that Plaintiffs use in its Complaint. While all arising under the 4th Amendment, these three § 1983 claims are all for separate and distinctive actions that occurred during the same event. However, Plaintiffs' allege very similar claims within the First and Second Causes of Action in the Complaint. In the First Cause of Action, Plaintiffs' made allegations that the vehicle was illegally seized and Plaintiff A. Robinson was illegally seized. The Second Cause of Action alleges that Plaintiff's vehicle was continuously seized the vehicle without proving the proper paperwork detailing the reasons behind the seizure nor notice of the actual seizure. The undersigned views these two Causes of Action as seeking redress for the same allegation: the illegal seizure of the vehicle. The undersigned finds that repeated claims for the same alleged action brought under the same Amendment cannot be made and the claims made in the second cause of action can and will be addressed within the first cause of action.

**b.  Police Power and Not for Public Use and/or Eminent Domain**

Defendants Pintez and Morgan argue in Section III.C. of their Motion that "it is clear the allegations are asserted under the Takings Clause of the 5th Amendment which 'prohibits the federal government from taking private property for public use without providing just compensation.'" (ECF No. 9, at 6). Defendants' argue in their Motion that because Plaintiffs allege a Takings Clause violation but "fail[s] to allege a violation of the 14th Amendment . . . , the Plaintiffs' Complaint fails to state a viable cause of action as the alleged actors in this matter are operating under the laws of the State of West Virginia; not the federal government." (ECF No. 9, at 6).  Plaintiffs do not address this in their *Response*.

The undersigned finds that Plaintiffs are not alleging a Takings Clause Claim. The undersigned believes the Plaintiffs are citing the Fifth Amendment's Due Process Clause, which states that "no person shall be deprived of life, liberty, or property, without due process of law."

Plaintiff repeatedly alleges that the actions of law enforcement were made without due process of law, but never cites or suggests that the taking was made without just compensation. Because Plaintiffs have not alleged that Defendants have taken their property for public use, the undersigned finds that Defendants argument as to the Takings Clause fails.

### c.   Substantive Due Process Violation

Defendants Pintez and Morgan argue that the Plaintiffs' Complaint alleges a substantive due process claim and this claim should be dismissed because the 4th Amendment claim "supersedes" any 5th Amendment claim and the claims under the West Virginia Constitution.[3] Defendants Pintez and Morgan also argue that there is no substantive due process right available to Plaintiffs under the 5th Amendment and thus the Complaint should be dismissed to the extent Plaintiffs are seeking redress under the 5th Amendment.

Plaintiffs' Complaint alleges several allegations against Defendants; however, all of the allegations arise under the Fourth Amendment. Despite the fact that Plaintiffs repeatedly cite the 5th Amendment and Article III, Section 10 of the West Virginia Constitution and specifically use the phrase "in violation of due process of law" throughout the Complaint, Plaintiffs provide only legal authority and factual support for any allegations made under the 4th Amendment. The undersigned does not believe that Plaintiffs use of this phrase and citation of the 5th Amendment or West Virginia Constitution are intended to create a new cause of action under a different constitutional amendment (United States nor West Virginia); rather Plaintiffs used the legal jargon as further support for their 4th Amendment claims. The undersigned is not stating that Plaintiffs' 5th Amendment nor West Virginia Constitutional claims are insufficiently plead; rather, the undersigned does not get to this determination because the undersigned construed

---

[3] The Motion to Dismiss only challenges that there is no substantive right under the Fifth Amendment of the United States Constitution, but does not challenge whether there is a substantive right under Article III, Section 10 of the West Virginia Constitution.

Plaintiffs' Complaint as <u>only</u> alleging 4th Amendment violations.[4] Accordingly, the undersigned does not find it necessary to determine whether there is a substantive right provided to Plaintiffs under the 5th Amendment.

### d.  Failure to State  a Claim

Defendants argue that apart from the opening paragraph of the Complaint, "[n]owhere else in the Complaint does it appear Plaintiffs assert official capacity claims as to these Defendants." (ECF No. 9, at 11). Defendants further argue that the Plaintiffs' Complaint fails to plead, in any paragraph, that the municipality was the "moving force" behind Plaintiffs' injury. (ECF No. 9, at 12).

"Official-capacity suits . . .  'generally represent only another way of pleading an action against an entity of which an office is an agent.'" <u>Kentucky v. Graham</u>, 473 U.S. 167 (1985). These suits are not suits against the person in their official personally, but rather the municipal entity. <u>Id.</u> at 166. "A plaintiff [who is seeking] to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." <u>Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown</u>, 520 U.S. 397 (1997) (citing <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658 (1978)).  This "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." <u>Id.</u> at 404. For a governmental entity to be liable under a § 1983 claim, it must be shown that the governmental entity's "policy or custom" "played a part in the violation of federal law."

While Plaintiffs sufficiently plead the allegations against the officers in their individual capacity by claiming they acted unconstitutionally, there are different pleading requirements

---

[4] In the event that Plaintiffs are trying to make a claim under the 5th Amendment, Plaintiff may have the opportunity to object to the Report and Recommendation and further develop these allegations that allegedly arose under the 5th Amendment.

when an individual is named in their official capacity (*ie* their municipal employer). <u>Pratt-Miller</u> <u>v. Arthur</u>, 701 Fed. App'x 191, 193 (4th Cir. 2017) ("For the [personal capacity] claims, a plaintiff must show that the official acting under color of state law caused the deprivation of a federal right; for the [official capacity] claim[s], however, a governmental entity is only liable if a policy or custom of that entity played a part in the violation of federal law."). There is neither mention of the Morgantown Police Department nor any customs or policies of that municipality that caused Plaintiffs' injury, let alone any customs or policies that would be considered the "moving force" behind the injury. The undersigned finds there is an important requirement missing from Plaintiffs' Complaint that is required when bringing an § 1983 civil action against law enforcement in their official capacity. As such, Plaintiffs have not sufficiently plead the three § 1983 claims made against Defendants Pintez and Morgan in their official capacities.

### e.  Immunity Against WV Code § 29-12A-5(b)

In the event the District Court finds that Plaintiffs' are attempting to make a separate claim under the West Virginia Constitution and has sufficiently plead a substantive claim under Article III, Section 10 of the West Virginia Constitution, the undersigned finds that Plaintiffs have sufficiently plead that the reasons that West Virginia Code § 29-12A-5(b) does not bar Plaintiffs' claim.

An employee of a political subdivision is immune from liability unless one of the following applies:

(1)     His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;

(2)     His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or

(3)     Liability is expressly imposed upon the employee by a provision of this code.

West Virginia Code § 29-12A-5(b).

> An "employee" is defined as "an officer, agent, employee, or servant, whether compensated or not, whether full-time or not, who is authorized to act and is acting within the scope of his or her employment for a political subdivision. 'Employee' includes any elected or appointed official of a political subdivision. 'Employee' does not include an independent contractor of a political subdivision."

West Virginia Code § 29-12A-3.

A "political subdivision" is defined as "any county commission, municipality and county board of education." W. Va. Code § 29-12A-3. A "municipality" is defined as "any incorporated city, town or village and all institutions, agencies or instrumentalities of a municipality." Id. As officers of the Morgantown Police Department, they are employees of a political subdivision and are immune from suits unless West Virginia Code § 29-12A-5(b) applied.

In their Motion, Defendants Pintez and Morgan argue that Plaintiffs would receive immunity from liability unless their actions or "omissions were outside the scope of their employment or official responsibilities" or their "actions or omissions were with malicious purpose, in bad faith, or in want or reckless manner." Defendants Pintez and Morgan argued that Plaintiffs "clearly failed to allege allegations that would circumvent the immunities provided to these officers under West Virginia law."

Plaintiffs have alleged that the search and seizure of the vehicle was completed without the requisite probable cause, the police officers failed to provide paperwork or any written reasoning for the seizure as promised, and searched the vehicle without probable cause. In addition, Plaintiffs, however, cite several cases and quotes that summarize Plaintiffs' position.[5]

---

[5]     Paragraph 13 of the Complaint states: "Failure to obey the command of a police officer constitutes a traditional form of breach of the peace. Obviously, however, one cannot be punished for failing to obey the comman of an officer if that command is itself violative of the constitution. Wright v. Georgia, 373 U.S. 284, 291-2."
      Paragraph 12 of the Complaint states: "An office who acts in violation of the Constitution ceases to represent the government. Brookefield Const. Co. v. Stewart, 284 F. Supp. 94."

Plaintiffs' argue that because Defendants Pintez and Morgan allegedly acted unconstitutionally, the law enforcement were acting outside of the scope of their official responsibilities. While Plaintiffs do not explicitly state this, it is clear from their citations that this is Plaintiffs' argument. The undersigned liberally construes their Complaint to have sufficiently plead the minimal threshold as why immunity under § 29-12A-5(b) does not apply.

### f. Prayer for Relief Requests Specific Monetary Amount for West Virginia Constitutional Claims

Defendants Morgan and Pintez argued that the Motion should be granted "[b]ased on Plaintiffs' claim for a specified monetary amount in the Complaint." (ECF No. 9, at 13). While the undersigned believes that Plaintiffs are not making a separate claim under the West Virginia Constitution, the undersigned finds it necessary to recommend the disposition of the specified monetary amount plea in the Complaint in the event the District Court finds that there is a separate West Virginia constitutional claim.

> In the complaint filed in a civil action against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of such political subdivision or employee, whether filed in an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, the complainant shall include a demand for a judgment for the damages that the judge in a nonjury trial or the jury in a jury trial finds that the complainant is entitled to be awarded, but shall not specify in the demand any monetary amount for damages sought.

W. Va. Code § 29-12A-6(d).

In Plaintiffs' Complaint, Plaintiffs seek "[$]500,000 in compensory damages from each defendant and 500,000 from each defendant in punitive damages for associated mental and emotional suffering, loss of esteem, willful, and egregious deprivation of rights." (ECF No. 1-1,

---

Paragraph16 of the Complaint states: "'The police power of the state must be exercised in subordination to the provisions of the U.S. Constitution.' Bachanan vs. Wanley, 245 US 60; Panhandle Eastern Pipeline Co vs. State Highway Commission, 294 US 613."

at 9). While Defendants seek to dismiss the entire Complaint due to the specified monetary amount requested, the undersigned does not believe that this is sufficient to dismiss the entire Complaint the Complaint should be stricken with regard to the specific monetary amount plead in the Relief section as it pertains to the West Virginia state law claims.

### g.  Plaintiffs' Response Stating that the Motion to Dismiss is not an Answer

In Plaintiffs' *Response*, Plaintiffs argue that "[D]efendants['] answer fails, and is not an answer sufficient to justify dismissal when none of the defendants pleadings contest or rebut Plaintiffs STATEMENT OF FACTS in paragraphs 7, 8, and 9." ECF No. 18, at 1.  Federal Rule of Civil Procedure 12, states that "a motion asserting [failure to state a claim] must be made before pleading if a responsive pleading is allowed." Once a motion to dismiss has been filed, the responsive pleading deadline will be continued until 14 days after the notice of the court's action on the motion. Here, Defendants filed a motion to dismiss for failure to state a claim, amongst other relief, prior to the responsive pleading as is permitted by the Rules of Civil Procedure. Plaintiffs are correct that the motion to dismiss is not an answer, but due to the filing of the motion, the answer is not due until 14 days after the District Court rules on this Report and Recommendation.

### IV.   RECCOMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss with regard to the specific monetary amount plead and **STRIKE** that portion of the Relief section in the Complaint as it pertains to the West Virginia state constitutional claims; **RECOMMENDS** that the District Court **GRANT** the Motion with regard to the duplicate Fourth Amendment claim in the second cause of action; and **RECOMMENDS** that the District Court **GRANT** the Motion as to the § 1983 claims with regard to Defendants Pintez and

Morgan's official capacity claims; and **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss with regard all other claims.[6]

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is further **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record, and to the pro se Plaintiffs by certified mail, return receipt requested, at their last known addresses as shown on the docket.

Entered this October 31, 2018

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

---

[6] The only claims that the undersigned has determined to survive the Motion to Dismiss are the § 1983 claims brought against Defendants Pintez and Morgan in their individual capacity.