IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

ALAJUAN ROBINSON and
REGGIE ROBINSON EL,

      Plaintiff,

v.                                                       Civil Action No.: 1:18-CV-151
                                                         JUDGE KLEEH

SGT. PINTEZ, Monongalia County
Sheriff's Dept., *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to a referral order entered on August 8, 2018, by Senior United States District Judge Irene M. Keeley (ECF No. 3).[1] On December 26, 2018, Plaintiffs filed a *Notice of Filing Motion for Remand and Motion for Remand* (ECF NO. 50). The undersigned **RECOMMENDS** that the Motion to Remand be **DENIED**.

## BACKGROUND/PRODURAL POSTURE

    a. **Procedural History**

On July 16, 2018, Plaintiffs filed a Civil-Human Rights Complaint with a Demand for Jury Trial in Monongalia County, West Virginia. The Complaint alleges that the "action filed pursuant to 42 U.S.C. § 1983 and alleges four causes of action under the Fourth and Fifth Amendment of the United States Constitution and Article III Section 10 of the West Virginia Constitution

---

[1] On December 1, 2019, the case was reassigned to Judge Thomas S. Kleeh. (ECF No. 49).

stemming from a police traffic stop that occurred on June 13, 2017 in Morgantown, West Virginia. On August 7, 2018, Defendant's filed a notice of removal stating that because the action was brought pursuant 42 U.S.C. § 1983 as averred in the Plaintiff's Complaint, the federal courts had original jurisdiction over the case and supplemental jurisdiction over any state law allegations.

On October 11, 2018, Plaintiffs filed an *Averment f Jurisdiction-Quo Warranto* (ECF No. 28). In the *Averment*, Plaintiffs requested documentation of the "Delegation of Authority" as proof of jurisdiction. The undersigned interpreted that as a challenge of the district court's jurisdiction and provided an analysis. The undersigned also stated that "due to the importance of establishing jurisdiction, the undersigned will entertain any further subject matter jurisdiction challenges that Plaintiff provides so long as the legal argument is based on existing and recognized laws established by the United States or the State of West Virginia."

    b.  **Plaintiffs' Notice of Filing Motion for Remand and Motion for Remand**[2]

On December 26, 2018, Plaintiffs filed a *Notice of Filing Motion for Remand and Motion for Remand* (ECF No. 50). Plaintiffs make six arguments for remand to Monongalia County. The arguments, include 1) the U.S. District Courts lack subject matter jurisdiction, 2) Defendant's Notice of Removal is "defective and does not support removal," 3) there is a legal presumption against removal that has not been overcome, 4) Monongalia County is capable of handling both state and/or federal claims raised by Plaintiff, 5) there is no diversity jurisdiction, and 6) Defendants are not denied or cannot enforce a right within the jurisdiction.

---

[2] The undersigned notes that the last two paragraphs of the Motion to Remand page 8 are irrelevant as Plaintiffs' Complaint does not contain any allegations of violations of the South Carolina Code, there is no mention of a First Amendment claim nor defense in any pleading, there is no mention of the Lanham Act in any pleading, there is no state law trademark claim, and there is no Defendant "TEC."

c. **Defendants' Response**

On January 7, 2019, Defendants filed a Response which argued that Federal Question jurisdiction exists as Plaintiffs has alleged violations of the United States Constitution and that any argument for remand, besides subject matter jurisdiction, is barred as untimely pursuant to 28 U.S.C. § 1447(c). (ECF No. 51).

d. **Plaintiffs' Reply**

On January 22, 2019, Plaintiffs filed a Rebuttal/Reply stating that the "Defendants have invented a federal jurisdiction question, where none previously existed" and "that the facts and circumstances detailed in their civil complaint filed in the Monongalia county circuit court fall within the purview of article 3 section 10 [of the West Virginia Constitution]." (ECF No. 52). Plaintiffs against request the District Court to remand the case to Circuit Court of West Virginia.

## ANALYSIS

Title 28 of the United States Code, Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). "The general rule . . . is that a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." Daly v. Zobel, 311 Fed. App'x 565 (4th Cir. 2008) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "A well-pled, 42 U.S.C. § 1983 complaint confers original jurisdiction on the district court. 28 U.S.C. § 1343(a)(3)." Wilkins v. Correctional Medical System 931 F.2d 888 (4th Cir. 1991). To determine whether "an action presents a federal question under [28 U.S.C.] § 1331, a court must first discern whether federal or state law creates the cause of action." Mulcahey v. Columbia Organic Chemicals Co., Inc.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); City of Chicago v. Int'l College of Surgeons, 522 U.S. 156 (1997). Due to federalism concerns, courts "strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). In cases where "federal jurisdiction is doubtful, a remand is necessary." Id. State courts have concurrent jurisdiction over claims brought under 42 U.S.C. § 1983. Hutchinson v. City of Huntington, 479 S.E.2d 649 (W. Va. 1996). However, although state courts have concurrent jurisdiction, that fact alone is insufficient to prohibit removal.

Title 28 of the United States Code, Section 1367 states in pertinent part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In Plaintiff's Complaint, Plaintiff stated that "[t]his is a civil-human rights actions filed pursuant to 42 U.S.C. 1983." Plaintiff's then provided an in-depth factual analysis alleging the unlawful seizure of property and persons during a traffic stop and the unlawful seizure of property following the traffic stop in violation of the Fourth and Fifth Amendments of the United States Constitution and Article III, Section 10 of the West Virginia Constitution. In their reply, Plaintiffs allege that the crux of the case is within the purview of Article III, Section Ten of the West Virginia Constitution. However, the Complaint states several claims for violations of the West Virginia Constitution and several claims for violations of the United States Constitution. Although

Plaintiffs' Complaint stated that there is a state law claim does not automatically render removal inappropriate. While circuit courts in West Virginia are capable of handling the state claims under 42 U.S.C. § 1983, that fact alone is not enough to prohibit removal. Accordingly, the undersigned **FINDS** that there is federal question jurisdiction based on the causes of action and allegations contained on the face of the Complaint brought in the 42 U.S.C. § 1983 action.

With regard to the state law claim, the claim may be appropriately brought in federal court so long as the state claims is so related to the federal law claim that it is the "same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The state law claim—violation of Article III, Section 10 of the West Virginia Constitution—stem from the same alleged conduct by the same law enforcement officers during the same police traffic stop as described in the federal constitutional claims. The undersigned **FINDS** that there is supplemental jurisdiction over the state law claims brought under 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs Motion for Remand be **DENIED** and Plaintiffs' request for sanctions for improper removal be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Thomas S. Kleeh, Senior United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se by Certified Mail and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Entered: January 28, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE